UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: KEITH PARKERSON

CASE NO. 07-12956-DWH
CHAPTER 7

OPINION

On consideration before the court is a motion seeking relief from the automatic stay filed by William Sanders, (hereinafter "Sanders"); a response to said motion having been filed by the debtor, Keith Parkerson, (hereinafter "Parkerson"); and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

JURISDICTION

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core contested proceeding as defined in 28 U.S.C. §157(b)(2)(A), (B), and (G).

II.

FACTUAL SUMMARY

In 2002, Sanders filed a complaint against Parkerson in the Circuit Court of Leake County, Mississippi, pursuant to the Mississippi Worker's Compensation Act for injuries that Sanders allegedly sustained while employed by Parkerson. Parkerson disputed this claim which was never adjudicated or liquidated in the state court proceeding. Consequently, no judgment was rendered against Parkerson, and there was no award of compensation to Sanders prior to Parkerson filing his Chapter 7 bankruptcy case on August 23, 2007.

Parkerson listed Sanders as a creditor in his bankruptcy mailing matrix. Sanders received a notice from the bankruptcy court advising him that he was not required to file a proof of claim since Parkerson's case appeared to have no assets. The notice further stated that if assets were discovered that Sanders would be notified accordingly at a subsequent time. This notice also advised Sanders of the deadline to file complaints objecting to Parkerson's discharge or to the dischargeability of a particular debt. As will be discussed in detail hereinbelow, Sanders did not timely file a complaint objecting to Parkerson's discharge or a complaint seeking, more specifically, to except his worker's compensation claim from discharge.

On January 14, 2009, approximately 18 months after Parkerson's bankruptcy case was filed, Sanders filed his motion seeking relief from the automatic stay in order to allow him to "proceed to determine the liability of Debtor..." in the state court worker's compensation proceeding. On February 12, 2009, this court entered an order overruling Sanders' motion. This court reasoned that there were no assets to distribute to Parkerson's unsecured creditors, and that the underlying debt to Sanders was going to be discharged in a matter of weeks, particularly since Sanders had not timely filed a complaint seeking to deny the dischargeability of the debt potentially owed to him.

On February 17, 2009, Sanders filed a motion requesting this court to reconsider its ruling on the motion to lift the automatic stay. Again, because there was no legitimate reason to lift the automatic stay, this court entered an order on March 9, 2009, denying the Sanders' motion to reconsider. Thereafter, Parkerson's discharge was entered by the court on March 13, 2009. The entry of the discharge has the effect of lifting the automatic stay as to any viable actions that might be taken against Parkerson. *See*, 11 U.S.C. §362(c)(2)(C). However, since Sanders' claim

had been finally discharged by that time, he had no viable cause of action against Parkerson. This conclusion became inescapable the day Sanders let the deadline pass without filing a complaint.

Sanders appealed this court's decision denying his motion for relief from the automatic stay to the United States District Court. On July 19, 2010, the district court remanded the proceeding to the bankruptcy court instructing the bankruptcy court to enter an opinion providing further clarification of the legal and factual bases of the decision which had been appealed. This opinion is being filed in response to the district court's remand order.

III.

## STATUTORY LIEN ISSUE

Throughout the course of this proceeding, Sanders has contended that he holds a statutory lien against Parkerson, and, in this context, asserts that Parkerson should have filed a complaint to avoid his statutory lien while the bankruptcy case was being administered. Sanders apparently relies on Miss. Code Ann. §71-3-45 (1972) in support of his position which reads as follows:

> Any person entitled to compensation under the provisions of this chapter shall have a lien against the assets of the employer or carrier for such compensation without limit of amount, and shall, upon insolvency, bankruptcy, or reorganization in bankruptcy proceedings of the employer or carrier, or both, be entitled to preference and priority of the distribution of assets of employer or carrier, or both.

Miss. Code Ann. §71-3-45 (1972)

The problem with Sanders' reasoning is five-fold, to-wit:

1. Parkerson disputed that Sanders was entitled to compensation under the Worker's Compensation Act.

2. There was never an adjudication in the state court worker's compensation proceeding that Sanders was entitled to a claim against Parkerson in any amount.

3

As such, there was no determination that Sanders was entitled to compensation under the provisions of the Worker's Compensation Act, and, because of this, he did not have a lien against any assets owned by Parkerson.

3. Even if there had been an adjudication that Sanders was entitled to compensation in a liquidated amount which, in effect, would have been a judgment in his favor, Parkerson owned no unencumbered, non-exempt assets to which the judgement lien could attach.

4. Because Sanders had not filed a complaint objecting to the dischargeability of his debt or objecting to Parkerson's bankruptcy discharge in general, Sanders claim inevitably was going to be discharged as a result of Parkerson's Chapter 7 filing.

5. Because there was no lien of any description in favor of Sanders against Parkerson during the time that this bankruptcy case was being administered, there was no reason whatsoever for Parkerson to file a motion or a complaint to avoid the lien. In addition, as set forth hereinabove, Parkerson owned no assets to which a lien could attach.

Consequently, Sanders' assertion of a statutory lien is without merit.

IV.

## DISCHARGEABILITY OF SANDERS' DEBT

Even if Sanders had obtained a pre-petition judgment against Parkerson in a liquidated amount, the debt would be dischargeable in Parkerson's bankruptcy case unless the debt was found by the bankruptcy court to be a non-dischargeable debt, or, alternatively, unless Parkerson's discharge was denied in its entirety. In order to except a debt from discharge or to deny a debtor's discharge in its entirety, a complaint must be timely filed pursuant to the provisions of §523(a) of the Bankruptcy Code (non-dischargeability of a debt), or §727(a) of the Bankruptcy Code (denial of a debtor's discharge). Under most circumstances, these complaints must be filed within the time limits prescribed in Rule 4007(c), Federal Rules of Bankruptcy Procedure, (a §523(a) complaint), or Rule 4004(a), Federal Rules of Bankruptcy Procedure, (a

§727(a) complaint). Insofar as the matter currently before this court is concerned, these complaints would have had to have been filed within 60 days of the date first set for the first meeting of creditors. Because the first meeting of creditors was continued, the bar date was extended in this case until January 8, 2008. As such, Sanders had until this date to file a complaint, but elected not to do so.

Decisions rendered by the Fifth Circuit Court of Appeals clearly mandate that the deadline for filing dischargeability complaints or objections to discharge are to be strictly enforced. *See, Neeley v. Murchison,* 815 F.2d 345 (5th Cir. 1987) and *Grossie v. Sam*, 894 F.2d 778 (5th Cir. 1990). Since Sanders did not timely file either complaint, they became time barred, and Parkerson received his Chapter 7 discharge as set forth hereinabove.

The Mississippi Supreme Court in *B.C. Crum v. Dependants of Reed*, 241 Miss. 111, 129 So.2d 375 (Miss. 1961), recognized that an employer's discharge in bankruptcy barred "workman's compensation" claims of the dependants of the deceased employee against the employer. While the circumstances underpinning the *Crum* decision are not factually identical to the case now before this court, the principal articulated by the Mississippi Supreme Court in its opinion is significant, to-wit:

> ...We think that the Congress intended to place an award by an industrial commission on the same footing as a judgment, and that it was not the purpose and intention of the act to require an employer to controvert a claim to the point of having a formal award made on the merits thereof before he could receive the benefits of the Bankruptcy Act by being relieved of further liability on his debts after his discharge in bankruptcy.
>
> The 'award' of a workmen's compensation commission, referred to in Section 103, sub. a(6) outlining provable debts in bankruptcy, includes the affirmative obligation of the employer to make voluntary payments, where the claim is not controverted. This is consonant with the congressional intent, and that of the

Mississippi Legislature, and carries out the essential purpose of the Bankruptcy Act. Hence appellees' claim was a provable debt, discharged by the order in bankruptcy.

*Id.* at p. 378.

V.

DISCHARGE INJUNCTION

Since any debt which might have been owed by Parkerson to Sanders has been fully discharged, Sanders is precluded from taking any action against Parkerson as a result of the bankruptcy discharge injunction found in §727(b) of the Bankruptcy Code. These identical circumstances were present when this court initially overruled Sanders' motion seeking relief from the automatic stay. Succinctly stated, there was no reason to lift the automatic stay because Sanders could not attempt to collect a debt that was inevitably going to be discharged. Had Sanders obtained a timely judgment in the bankruptcy court that the debt owed to him was non-dischargeable or had he been successful in objecting to Parkerson's discharge in its entirety, the court's decision on Sanders' motion for relief would likely have been different. However, Sanders is precluded, following Parkerson's discharge, from taking any action against Parkerson to collect this debt even though the automatic stay has now been lifted by operation of law. Should Sanders attempt to take collection activities against Parkerson, he would be subject to liability for monetary sanctions, including attorney fees and costs.

VI.

CONCLUSION

As particularized in the foregoing findings, this court would confirm that its earlier decision refusing to lift the automatic stay was appropriate. Sanders presented no cause to lift the

stay as required by §362(d)(1): The perceived debt owed by Parkerson to Sanders was going to be discharged in Parkerson's Chapter 7 bankruptcy case; there were no non-exempt unencumbered assets in Parkerson's bankruptcy estate to which a judgment lien could attach; and Sanders did not hold a liquidated claim against Parkerson that possessed the characteristics of a lien of any description.

A separate judgment will be entered consistent with this opinion. Both will be submitted to the United States District Court for the Northern District of Mississippi.

This the 13th day of December, 2010.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE