# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**WILLIAM SANDERS**                                                                                 **APPELLANT**

**V.**                                                                                                   **CAUSE NO. 1:10-CV-27-SA**

**KEITH PARKERSON**                                                                         **APPELLEE**

## MEMORANDUM OPINION

Currently before the Court is the appeal of the United States Bankruptcy Court's order denying Appellant's Motion for Relief from Automatic Stay. For the reasons stated below, the Court affirms the decision of the Bankruptcy Court.

## BACKGROUND FACTS & PROCEDURAL HISTORY

In 2002, William Sanders filed a complaint against Keith Parkerson in the Circuit Court of Leake County, Mississippi, pursuant to the Mississippi Workers' Compensation Act for injuries allegedly sustained by Sanders while an employee of Parkerson. Parkerson disputed the claim. No judgment or award was ever rendered against Parkerson.[1] On August 23, 2007, Parkerson filed a Chapter 7 bankruptcy case and listed Sanders as a creditor in his bankruptcy mailing matrix. Sanders received a notice from the bankruptcy court advising him that he was not required to file a proof of claim form since Parkerson's case appeared to have no assets.

On January 14, 2009, Sanders filed a motion seeking relief from the automatic stay in order to allow him to "proceed to determine the liability of Debtor. . ." in the state court workers' compensation proceeding. Sanders contended he possessed a statutory lien against Parkerson pursuant to a provision of the Mississippi Workers' Compensation Act.

---

[1] In his statement of financial affairs filed with the Bankruptcy Court, Parkerson listed Sanders' suit as "pending."

The Bankruptcy Court denied Sanders's Motion for Relief from the Automatic Stay on the basis that there were no assets to which any lien might attach. The Bankruptcy Court entered an order to that effect on February 12, 2009.

Sanders filed a Motion to Reconsider on February 17, 2009, which the Bankruptcy Court denied on March 5, 2009. The Bankruptcy Court reiterated its holding that there were no assets to which any lien might attach. The Bankruptcy Court further held that Sanders did not file a timely complaint objecting to the discharge of the purported lien. On March 13, 2009, the Bankruptcy Court entered the order of discharge. Sanders appealed and raised the following issues:

(1) **Whether Sanders' Statutory Lien was Discharged Where the Debtor Never Filed a Motion to Avoid the Lien Under 11 U.S.C. § 545;**

(2) **Whether the Fact There are No Assets Available in the Estate of The Debtor For Distribution to the Unsecured Creditors Effects the Validity and Enforceability of a Statutory Lien; and**

(3) **Whether the Decision of the Bankruptcy Court is Against the Overwhelming Weight of the Evidence?**

After reviewing the record and legal authorities cited by the parties, the Court remanded this matter to the Bankruptcy Court for further clarification of the legal and factual bases of the decisions being appealed. In compliance with this Court's remand order, the Bankruptcy Court issued a memorandum opinion[2] in which it determined, inter alia, "there was no lien of any description in favor of Sanders against Parkerson during the time that this bankruptcy case was being administered." As will be discussed in greater detail below, this Court agrees with the Bankruptcy Court that Sanders possessed no lien against Parkerson – statutory or otherwise.

**STANDARD OF REVIEW**

---

[2] In re Parkerson, No. 07-12956-DWH, 2010 WL 5155150 (Bankr. N.D. Miss. Dec. 14, 2010).

In a bankruptcy appeal, the applicable standard of review by a district court is the same as when the Court of Appeals reviews a district court proceeding. Findings of fact by the Bankruptcy Courts are to be reviewed under the clearly erroneous standard and conclusions of law are reviewed de novo." In re Chesnut, 422 F.3d 298, 301 (5th Cir. 2005); In re Evert, 342 F.3d 358, 363 (5th Cir. 2003) (citing Matter of Midland Indus. Serv. Corp., 35 F.3d 164, 165 (5th Cir. 1994)); In re Pequeno, 126 F. App'x. 158, 162 (5th Cir. 2005); In re Salter, 251 B.R. 689, 692 (S.D. Miss. 2000). Mixed questions of law and fact are reviewed de novo. In re Miller, 307 F. App'x 785, 788 (5th Cir. 2008).

## ANALYSIS

A threshold issue in this appeal is whether Sanders in fact had a statutory lien. The bankruptcy code recognizes three types of liens: judicial, statutory and consensual. In re Schick, 308 B.R. 189, 191 (D.N.J. 2004) (citing Graffen v. City of Philadeplphia, 984 F.2d 91, 96 (3d Cir. 1992)). A statutory lien is defined as a "lien arising solely by force of a statute on specified circumstances or conditions . . . but does not include a security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute." 11 U.S.C. § 101(53). "A statutory lien is one that arises automatically, and is not based on an agreement to give a lien or a judicial action." In re Vescovo, 125 B.R. 468, 473 (Bankr. W.D. Tex. 1990) (citing legislative history). In contrast, a judicial lien is defined as one "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36).

Sanders argues that Mississippi Code Section 71-3-45 created a statutory lien against the assets of Parkerson, and that Parkerson should have filed a complaint to avoid his statutory lien while the bankruptcy case was being administered. Section 71-3-45 provides:

Any person entitled to compensation under the provisions of this chapter shall have

> a lien against the assets of the carrier or employer for such compensation without limit of amount, and shall, upon insolvency, bankruptcy, or reorganization in bankruptcy proceedings of the carrier or employer, or both, be entitled to preference and priority in the distribution of the assets of such carrier or employer, or both.

Miss. Code Ann. § 71-3-45 (Rev. 2000).

Parkerson responds that Sanders is not a "person entitled to compensation," and therefore there was no lien to avoid. "Compensation" under the Mississippi Workers' Compensation Act is defined as "the money allowance payable to an injured worker . . . as provided in this chapter." Miss. Code. Ann. § 71-3-3(j) (Rev. 2000). The Act further provides that "[c]ompensation under this chapter shall be paid periodically, promptly, and in the usual manner, and directly to the person entitled thereto, without an award *except where liability to pay compensation is controverted by the employer.*" Miss. Code Ann. § 73-3-37 (Rev. 2000) (emphasis added). Regarding the foregoing provision, the Mississippi Supreme Court has stated that "the statute itself makes the award in all cases, *except where the obligation to pay is controverted.* . . . [Claims] are paid automatically upon the happening of an event calling for payment under the act, without a formal proceeding, hearing, or formal award, before the Workmen's Compensation Commission, *except in cases where the claims are controverted.*" B.C. Crum v. Dependents of Reed, 129 So. 2d 375, 378 (Miss. 1969) (emphasis added). Sanders offers no authority for his view that § 71-3-45 automatically creates a lien in disputed cases without an adjudication that the claimant is entitled to compensation. The Court agrees with the Bankruptcy Court's determination that because Parkerson disputed Sanders was entitled to compensation, and there was never an adjudication that Sanders was entitled to a claim against Parkerson in any amount, Sanders did not have a lien against Parkerson's assets. Because Sanders does not have a statutory lien, further discussion of his first and second issues are unnecessary. As to Sanders third issue, he offers neither argument or authority in support thereof,

and this Court finds it to be without merit.

## CONCLUSION

The judgment of the Bankruptcy Court is AFFIRMED.

SO ORDERED this the 24th day of February, 2011.

                                        /s/ Sharion Aycock  
                                        **UNITED STATES DISTRICT JUDGE**